Filed 7/27/26  Huang v. Pabianova CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FANG HUANG,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MARIE PABIANOVA,<br><br>　　　Defendant and Appellant. | B331173, B332791<br><br>(Los Angeles County Super. Ct. No. BD615033) |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael R. Powell, Judge.  Affirmed.

Maria Pabianova, in pro. per. for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This is the fourth time an appeal arising from a former husband and wife's dissolution of marriage has come before us. Representing herself, wife appeals from the judgment, challenging the family court's postjudgment orders (1) imposing monetary sanctions against her under Family Code sections 6344, 271, and 3027.1;[1]and (2) granting husband's request that wife's visits with their children be monitored for several months. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### A.     Marriage and Dissolution

Fang Huang (husband) and Marie Pabianova (wife) married in January 2010.  They separated in October 2014, and the judgment of dissolution ending their marriage was entered in January 2018.  (*Huang v. Pabianova* (May 28, 2024, B321951) [nonpub. opn.].)  In their stipulated judgment of dissolution, husband and wife agreed to joint legal and physical custody of their two minor children.  (*Ibid.*)

### B.     Prior Appeals

In September 2022, this court affirmed the family court's order denying husband's requests to modify his child support payments to "zero" dollars.  (*In re Marriage of Huang and Pabianova* (Sept. 26, 2022, B316284) [nonpub. opn.].)

In October 2022, we affirmed the family court's ruling adjudicating the amount of child support arrears husband owed wife from 2018 to 2019.  (*In re Marriage of Huang and Pabianova* (Oct. 27, 2022, B317887) [nonpub. opn.].)

---

[1] Statutory references are to the Family Code unless otherwise indicated.

In May 2024, this court affirmed the family court's order granting husband's request for a domestic violence restraining order (DVRO) against wife to protect himself and the children and denying wife's DVRO request against husband. (*Huang v. Pabianova*, *supra*, B321951.) We also affirmed the court's order that sole legal and physical custody of the children be granted to husband. (*Ibid.*)

In our opinion, we noted the family court found wife had abused husband through her children and had abused her children by compelling them to falsely report husband as an abuser to authorities. (*Huang v. Pabianova, supra,* B321951.) In so finding, the family court expressly discounted wife's testimony as lacking credibility. (*Ibid.*)

### C.    June 1, 2023 Orders Imposing Sanctions

Following the ruling on the dueling DVRO requests, husband sought statutory awards of attorney fees as sanctions.[2] At the June 6, 2023 evidentiary hearing, the parties were each represented by counsel. After argument by counsel, the family court granted husband's requests and ordered wife to pay husband sanctions totaling $25,000.

### D.    June 23, 2023 Order Modifying Visitation

At a hearing on June 23, 2023, the family court granted husband's request to modify wife's visitation by having it professionally monitored. The court ordered "professionally monitored visits" to occur "for a period of 3 months" to be paid by wife. The professional monitor was to be selected by wife with

---

[2] The amount of monetary sanctions that husband sought is unknown. His written requests for sanctions are not part of the record on appeal.

husband's approval. The parties were to discuss "possibly having a non-professional monitor and an overnight monitor." The court set a hearing date of September 29, 2023, to review the status of wife's monitored visits.

### E. Instant Appeal

Representing herself, wife appeals from "Judgment after court trial" in this case.[3] In her opening brief and other documents filed with this court, wife specifically contests the June 1, 2023 imposition of sanctions against her and the June 23, 2023 requirement that her visitation be professionally monitored.[4]

Husband has made no appearance on appeal.

### DISCUSSION

## I. June 1, 2023 Orders Imposing Sanctions

### A. Appealability

As stated, the family court ordered wife to pay certain statutory attorney fees as sanctions. They consisted of $20,000 to husband as the prevailing party under section 6344 pursuant to the Domestic Violence Prevention Act; $2,500 in attorney fees as

---

[3] Acting in propria persona, wife filed identical notices of appeal and nearly identical opening briefs in appeals B332791 and B331173. We have consolidated these two appeals.

[4] We decline to address wife's arguments on appeal relating to the family court's rulings on the dueling DVRO requests, which we affirmed on appeal (see *Santa Clarita Organization for Planning the Environment v. County of Los Angeles* (2007) 157 Cal.App.4th 149, 156 [law of the case]). We also decline to consider wife's claims of husband's alleged failures to comply with certain discovery, child support, and vocational evaluation orders, which are the province of the family court.

4

sanctions under section 271 for frustrating settlement efforts and needlessly increasing litigation costs; and $2,500 in sanctions under section 3027.1 for making false accusations of child abuse against husband.

The orders are appealable. The Family Code section 6344 order is appealable according to Code of Civil Procedure section 904.1(a)(12) because the monetary award exceeds $5,000. The Family Code section 271 and section 3027.1 orders, which are each in an amount of less than $5,000, are also reviewable on appeal from the final judgment of dissolution. (See Code Civ. Proc., § 904.1(b).) Further, because the family court here ordered that wife owed specified sums, that order is appealable even though some issues were continued to the next hearing. (Cf. *City and County of San Francisco v. Stanley* (1994) 24 Cal.App.4th 1724, 1727 [postjudgment order modifying child support directly appealable].)

## B. Governing Law

The standard of review for orders granting or denying a motion for attorney fees under the Family Code is abuse of discretion. (*In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 345.) The family court's " 'order will be upheld on appeal unless the reviewing court, "considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order." ' " (*Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1152.)

Wife is not contending that the statutes relied upon by the family court to sanction her are inapplicable in this instance or that the imposition of sanctions against her is factually without merit. Instead, wife argues her financial circumstances made the

5

imposition of sanctions unjust.  Section 270 provides that "[i]f a court orders a party to pay attorney's fees or costs under this code, the court shall first determine that the party has or is reasonably likely to have the ability to pay."  Wife argues the court erred by finding she had the ability to pay the sanctions awarded.

Section 6344 provides: "Before a court awards attorney's fees and costs pursuant to this section, the court shall first determine pursuant to Section 270 that the party ordered to pay has, or is reasonably likely to have, the ability to pay."  (§ 6344, subd. (c).)  Section 271 allows for an award of attorney fees as a sanction unless it "imposes an unreasonable financial burden on the party against whom the sanction is imposed."  (§ 271, subd. (a).)  Section 3027.1 states "the court may impose reasonable money sanctions, not to exceed all costs incurred by the party accused as a direct result of defending the accusation, and reasonable attorney's fees incurred in recovering the sanctions, against the person making the accusation."  (§ 3027.1, subd. (a).)

### C.    June 1, 2023 Hearing

At the June 1, 2023 hearing, the family court stated it had reviewed wife's previously submitted financial documents that reflected her income and expenses.  The court advised husband that apparently, based on those documents, "there's not an ability [for wife] to pay" the requested sanctions "because her expenses right now seem to be in excess of what she makes."[5]  The court explained wife's documents showed her gross monthly income

---

[5] While the amount of husband's requested sanctions is unknown, we note the family court commented that husband was seeking a total award that exceeded $38,447.

6

was approximately $3,800 and her rent alone was around $3,000. Wife was left with just about $800 to pay for food, healthcare, utilities, car maintenance, and anything else.

In response, husband testified that wife had been receiving financial support from relatives abroad throughout the proceedings. Wife had omitted this source of income in her filed financial documents. Husband insisted this undisclosed income enabled wife to continuously retain new counsel to fund new litigation against him.

The family court then questioned wife at length to ascertain her ability to pay. Wife testified she currently had $70,000 in credit card debt after paying several different attorneys, including an appellate attorney, during these proceedings. All these credit cards were either "halfway" or "all very close to [being] maxed out," and she was making minimum payments on each one. Wife also testified her monthly expenses were approximately $4,678 and her net monthly income was approximately $3,100.

After questioning wife, the family court expressed doubt that she had truthfully represented her income and expenses. "She's got expenses that she is paying for that she cannot pay based on her gross income. She has just hired counsel for an appeal for this action. And I have grave concerns that I'm getting accurate reporting about her ability to pay given the fact that she is spending all of this money while earning practically nothing."

After further questioning wife and listening to counsels' arguments, the family court granted husband's request for sanctions. The court found, pursuant to section 270, that wife had the ability to pay sanctions of $20,000 under section 6344, $2,500 under section 271, and $2,500 under section 3027.1.

The family court explained its decision: "The court has grave concerns about whether or not the income and expense declaration is accurate. Given the fact that there is [*sic*] stocks and other assets in the amount of $6,566. And at the time, cash on hand of $9,942.50. And there appear to be expenses way in excess of that amount that [wife] continues to hire counsel. Albeit, she is saying that she is putting it on credit cards. The court finds it almost implausible she is able to make any other payments on these expenses on income of $3,100. [¶] And she has rent of $3,333. The math doesn't add up."

On this record the family court did not abuse its discretion by awarding sanctions totaling $25,000, less than husband requested. We must defer to the court's determinations of credibility. (*Santa Clara County Correctional Peace Officers' Assn., Inc. v. County of Santa Clara* (2014) 224 Cal.App.4th 1016, 1027.) Here, wife's testimony clearly led the court to discount the veracity and/or completeness of her financial documents. Because these documents were not credible evidence that wife neither had nor was not reasonably likely to have the ability to pay, the order is affirmed.

Finally, wife's attacks on the written July 25, 2023 order after hearing as the product of an unethical opposing counsel and incompetent judge are completely devoid of merit.

## II. June 23, 2023 Order Modifying Visitation

By its terms the June 23, 2023 order was an interim order. According to the minute order, wife's visitation of the children was modified to require professional monitoring "for a period of 3 months" or until September 29, 2023, when a hearing on the "Status of Monitored Visits" was to be held. As an interim order, the June 23, 2023 order was nonappealable. (See, e.g., *Banning*

*v. Newdow* (2004) 119 Cal.App.4th 438, 457 [interim custody order was nonappealable].)

## DISPOSITION

The June 1, 2023 order is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


GOORVITCH, J.